1  ALAN C. CHEN, (SBN 224420)
     acchen@zuberlaw.com
2  CHRISTINE V. LUU, (SBN 306128)
     cluu@zuberlaw.com
3  ZUBER LAWLER & DEL DUCA LLP
   777 S. Figueroa Street, 37th Floor
4  Los Angeles, California 90017   USA
   Telephone: +1 (213) 596-5620
5  Facsimile: +1 (213) 596-5621

6  Attorneys for Plaintiff
   Ron Ho Enterprises Co., Ltd.

7

8              UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| 11 RON HO ENTERPRISES CO., LTD., a Taiwan limited liability company,<br><br>12<br><br>13  Plaintiff,<br><br>14  vs.<br><br>15 WHEEL GROUP HOLDINGS, LLC, a Delaware limited liability company, d/b/a The Wheel Group; and DOES 1-10, inclusive,<br><br>16<br><br>17  Defendants. | Case No.: 2:17-cv-05956<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>**(3) PROMISSORY ESTOPPEL;**<br><br>**(4) UNJUST ENRICHMENT; and**<br><br>**(5) ACCOUNT STATED.**<br><br>**[DEMAND FOR JURY TRIAL]** |
|---|---|

2566-1002 / 816902.7

Plaintiff Ron Ho Enterprises Co., Ltd. ("Ron Ho"), by and through its counsel, Zuber Lawler & Del Duca LLP, for its complaint against defendant, Wheel Group Holdings, LLC, d/b/a The Wheel Group ("TWG"), alleges as follows:

## PARTIES

1. Ron Ho is a Taiwanese corporation with its principal place of business in Kaohsiung, Taiwan.

2. CUB Elecparts Inc. is a Taiwanese corporation with its principal place of business in Fuhsin, Taiwan ("CUB"). CUB manufactures, markets, and distributes tire pressure monitor systems ("TPMS"), as well as original equipment manufacturer and aftermarket service parts for TPMS.

3. TWG is a limited liability company incorporated under the laws of the State of Delaware. The company is registered to do business in the State of California, with a principal place of business at 18400 Gale Avenue, City of Industry, California. TWG is engaged in the business of distributing wholesale and aftermarket automotive wheels and accessories, including TPMS.

4. Plaintiff is ignorant of the true names and capacities of the Defendants named herein as Does 1 through 10, inclusive, and therefore names said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint when the true names and capacities of said fictitiously named Defendants have been discovered. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitiously named Defendants is in some way responsible for the acts which resulted in the harm alleged herein. (collectively, "Defendants")

## JURISDICTION AND VENUE

5. This action is between: (1) Plaintiff Ron Ho, a Taiwanese company domiciled in Kaohsiung City, Taiwan; and (2) Defendant TWG, a Delaware corporation, with a principal place of business in California. The amount in controversy exceeds $75,000. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendants because they are registered in California and has a principal place of business in California. In addition, Defendants have purposely availed themselves of the opportunity to conduct commercial activities in California.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims alleged herein occurred within this district, and personal jurisdiction exists over Defendants within this district.

## GENERAL ALLEGATIONS

8. On June 17, 2016, TWG placed an order with CUB using a purchase order. The order included the following:

- 12,000 units of ITM UNI-SENSOR 315 MHz 130 PSI, item no. 08002HP;
- 30,000 units of ITM UNI-SENSOR 315 MHz 130 PSI (rubber snap-in type), item no. 08002HPR;
- 8,000 units of ITM UNI-SENSOR 433 MHz 130 PSI, item no. 08003HP; and
- 10,000 units UNI-SENSOR 433 MHz 130 PSI (rubber snap-in type), item no. 08003HPR.

9. On the same day, CUB acknowledged the purchase order and issued a Proforma Invoice bearing PI No. 1231-160617008 (0). The acknowledgement included a request for a counter signature to confirm the quantity of the goods ordered, pricing, and the total amount due of $960,000.

10. On July 6, 2016, TWG returned a counter-signed Proforma Invoice, confirming, among other things, the total amount due of $960,000. Attached as Exhibit A is a true and correct copy of the Proforma Invoice. (the "Proforma Invoice").

11. On August 12, 2016, CUB timely shipped the components from Shanghai, China to Long Beach, California, in accordance with the purchase order.

12. Pursuant to the parties' usual course of dealing and acknowledged by TWG, the payment for components was due on or before January 9, 2017, 150 days upon shipment of the components.

13. On or before January 25, 2017, TWG acknowledged receipt of the components in its inventory and the amount due to CUB.

14. However, on February 15, 2017, TWG informed CUB of TWG's intent to withhold payment for the components and has not made any payments since that date. Specifically, TWG "reserved this payment" that was due and "issued a debit memo against the [Proforma] Invoice until all matters and claims [are] resolved with Cub" without any clarification regarding the nature or context of the "matters" or "claims."

15. CUB performed all conditions, covenants and promises required under the Proforma Invoice.

16. Forced to submit the debt for collections, CUB assigned that obligation to Plaintiff Ron Ho on April 7, 2017. The assignment included a full and complete transfer of all rights CUB may have at law or in equity under the Proforma Invoice to Ron Ho.

17. On April 19, 2017, CUB gave notice of the debt assignment to TWG as well as demanded that any payments under the Proforma Invoice be paid directly to Ron Ho.

18. To date, TWG continues to repudiate its obligations under the Proforma Invoice. Ron Hon has no choice but to institute this proceeding to collect the debt.

/ / /
/ / /
/ / /
/ / /

## FIRST CAUSE OF ACTION

## Breach of Contract

## (Against All Defendants)

19. Ron Ho hereby incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

20. On or about July 6, 2016, CUB and Defendants entered into an agreement for purchase of TPMS components totaling $960,000 in value.

21. CUB timely performed all conditions, covenants and promises required on its part to be performed under the Contract, including shipment of the components.

22. Defendants have taken full possession of the components delivered by CUB as of January 2017.

23. To date, Defendants have not raised any issues or concerns regarding the quality, quantity or timing of the goods delivered.

24. Notwithstanding Defendants' receipt of the goods, Defendants have refused to perform its obligations under the Proforma Invoice, including but not limited to, payment for receipt of the components to CUB.

25. As a result of Defendants' breach of the Proforma Invoice, CUB was damaged in the amount of $960,000, which has been assigned to Ron Ho for collection.

26. CUB intended to transfer, and did transfer, its rights under the Proforma Invoice to Ron Ho.  As assignee of the Debt, Ron Ho has made demand on Defendants to perform under the Proforma Invoice and Defendants have refused to render payment.

27. Ron Ho, by way of CUB, continues to suffer damages caused by Defendants' refusal to meet their payment obligations to CUB.

28. Justice requires that Defendants reimburse all fees, costs, and expenses Ron Ho has incurred and is continuing to incur, in an amount to be proven at trial,

including all fees and costs incurred herein.

## SECOND CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

**(Against All Defendants)**

29. Ron Ho incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

30. The Proforma Invoice between CUB and Defendants is subject to an implied covenant of good faith and fair dealing which obligated Defendants to refrain from injuring CUB's right to receive the benefits of the agreement.

31. Defendants breached the covenant of good faith and fair dealing, by, among other things, unfairly interfering with CUB's right to receive the benefits of the Proforma Invoice, and failing and refusing to pay CUB the overdue balance of $960,000, plus interest, for the products ordered by and delivered to Defendants.

32. CUB fully performed all of its duties under the agreement.

33. As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, CUB has been damaged in an amount to be proven at trial, but not less than $960,000, plus pre-judgment interest.

34. Ron Ho—as assignee of the debt owed to CUB—has been damaged in an amount to be proven at trial, but not less than $960,000, plus pre-judgment interest.

35. Ron Ho, by way of CUB, continues to suffer damages caused by Defendants' breach of the covenant of good faith and fair dealing to CUB.

## THIRD CAUSE OF ACTION

### Promissory Estoppel

**(Against All Defendants)**

36. Ron Ho incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

37. Defendants clearly and unambiguously promised to pay CUB the full amount due and owing to CUB with respect to the products ordered by and delivered to Defendants. However, there remains due and owing to CUB the sum of $960,000, plus interest.

38. CUB detrimentally relied on Defendants' promises by, among other things, delivering the ordered products to Defendants.

39. CUB's reliance on Defendants' promises—that Defendants would deliver payment in exchange for shipment of the ordered products—was both reasonable and foreseeable.

40. CUB has made demand on Defendants to pay the aforesaid sum. In violation of their promises and obligations to CUB, Defendants have wrongfully failed and refused to make payment due.

41. As a direct and proximate result of Defendants' failure to perform their promises, CUB has been damaged in an amount to be proven at trial, but not less than $960,000, plus pre-judgment interest.

42. Ron Ho, by way of CUB, continues to suffer damages caused by Defendants' failure to perform their promises.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment
### (Against All Defendants)

43. Ron Ho incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

44. At the request of Defendants, CUB delivered nearly one million dollars' worth of products to Defendants for resale. There remains due and owing to CUB the sum of $960,000, plus interest, and CUB has thus conferred a benefit having at least that value upon Defendants.

45. CUB has made demand on Defendants to pay the aforesaid sum. In violation of their promises and obligations to CUB, Defendants have wrongfully

refused to make payment due.

46. Under the circumstances alleged herein, it would be unjust for Defendants to retain the benefit conferred upon them by CUB.

47. CUB is entitled to damages as a result of Defendants' unjust enrichment in an amount not less than $960,000, plus prejudgment interest.

48. Ron Ho, by way of CUB, continues to suffer damages caused by Defendants' unjust enrichment.

## FIFTH CAUSE OF ACTION

### Account Stated

### (Against All Defendants)

49. Ron Ho incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

50. Defendants owe CUB the sum of $960,000 for shipments of all products from CUB to Defendants, as set forth in the Proforma Invoice.

51. Defendants have repeatedly acknowledged their obligation to pay the full amount owed through their correspondences and course of conduct. Specifically, Defendants allegedly issued a "debit memo" against the Proforma Invoice pending resolution of unspecified issues or claims Defendants may have with CUB.

52. Through their course of dealings with CUB, Defendants have never disputed the accuracy of the amount invoiced or owed.

53. Defendants promised to pay the stated amount to CUB.

54. To date, Defendants have not paid the amount owed under this account.

55. Ron Ho—as assigned of the debt owed to CUB—has been damaged in an amount to be proven at trial, but not less than $960,000, plus pre-judgment interest.

56. Ron Ho, by way of CUB, continues to suffer damages caused by Defendants' failure to pay the amount owed under this account.

# PRAYER FOR RELIEF

Plaintiff Ron Ho Enterprises Co., Ltd. prays for the following relief:

1. For compensatory damages in an amount to be proven at trial, but in no event less than $960,000;

2. For interest on the sum of $960,000 from and after January 9, 2017;

3. For an award of Ron Ho's fees, costs, and expenses relating to this lawsuit; and

4. For such other legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 10, 2017             ZUBER, LAWLER & DEL DUCA LLP

By:   /s/Alan C. Chen
Alan C. Chen
Christine V. Luu
Attorneys for Plaintiff,
Ron Ho Enterprises Co., Ltd.

## DEMAND FOR JURY TRIAL

Ron Ho hereby demands trial by jury of all issues that are so triable in this action and on this complaint.

Dated: August 10, 2017                            ZUBER, LAWLER & DEL DUCA LLP

By: /s/Alan C. Chen
Alan C. Chen
Christine V. Luu
Attorneys for Plaintiff,
Ron Ho Enterprises Co., Ltd.